**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-60263

Summary Calendar

Mesfin Ayele,

Petitioner,

VERSUS

John Aschroft, U.S. Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals

(A74-646-340)

October 24, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mesfin Ayele petitions for review of an order of the Board of
Immigration Appeals ("BIA") dismissing his appeal of the
immigration judge's order denying his application for asylum. He
argues that he is entitled to asylum because he was persecuted
while living in Ethiopia and because he has a well-founded fear

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he will be persecuted if he returns to Ethiopia.  He avers that the BIA's decision denying him refugee status for past persecution is not supported by substantial evidence in the record and that the BIA did not meaningfully consider evidence that he has a well-founded fear of persecution upon return.  We have jurisdiction to consider his petition for review under 8 U.S.C. § 1105a.[1]

We must uphold the BIA's decision to deny Ayele asylum if the decision was "'supported by reasonable, substantial, and probative evidence on the record.'"  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)); accord Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1999).  That is, we may reverse the BIA's decision "only if the evidence presented by [Ayele] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Elias-Zacarias, 502 U.S. at 481.

Having reviewed the record, we conclude that the evidence in this case would not compel a reasonable factfinder to find that Ayele has a well-founded fear of persecution.  We accordingly AFFIRM the BIA's decision to deny Ayele's application for asylum.

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") has replaced 8 U.S.C. § 1105a with 8 U.S.C. § 1252.  See Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996). The new provision, however, does not apply to petitioners such as Ayele whose deportation proceedings commenced before April 1, 1997. Instead, because a final order of deportation was entered against him after October 30, 1996, the IIRIRA's transitional rules apply. See IIRIRA § 309(c)(1).  We thus have jurisdiction under the old Section 1105a.